[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband brings this dissolution action alleging irretrievable breakdown of the marriage. The defendant wife admits all of the allegations of the complaint and cross complains also alleging irretrievable breakdown of the marriage.
The parties are at issue as to fault for the marriage break up, and as to custody of the minor children as well as to the division of the assets.
The court finds, based upon the admissions of the parties and the evidence presented at the hearing that, the parties intermarried on November 27, 1982, at New Britain, Connecticut. The defendant's maiden name is Boguslawa Kurkarewicz; that both parties have resided in Connecticut for twelve or more months immediately preceding the date of this complaint; and, that only the following minor children have been born to the defendant wife, lawful issue of this marriage, Maria Manuele, born June 20, 1983, Eva Manuele, born March 4, 1985, and Carmelo Manuele, Jr., born June 17, 1988; and, neither party has or is receiving financial assistance from the State of Connecticut nor from any of its subdivisions; and, the marriage of the parties has broken down irretrievably.
With regard to fault resulting in the break up of the marriage, the court finds that each party contributed to this breakdown, however, the plaintiff husband was at greater fault. He had an affair with another woman. The defendant wife subsequently also had an affair in retaliation. These affairs of the parties created extreme turmoil within the family. The constant bickering, arguments and accusations between the parties CT Page 9466 had serious adverse effect upon the children to the extent that one of the daughters threatened to stab herself with a kitchen knife; and at another time had neighbors call police.
The paramount issues between the parties are the care and custody of the minor children as well as the division of the assets and responsibility for the liabilities of the marriage. The court having heard the parties, and their respective witnesses, after examining the exhibits presented and taking into consideration the statutory factors for the determination of alimony, support, division of the assets and the setting of responsibility for the liabilities of the marriage, as well as considering the best interests of the children, enters the following orders:
The defendant mother shall have sole custody of the three minor children, Maria, Eva and Carmelo, Jr. The residence of the son, Carmelo, Jr., is to begin immediately subject to arrangements for the transfer of the child by the father to the mother's home as arranged through counsel or by the parties themselves. The father shall also deliver Carmelo, Jr.'s clothing and personal items to the mother's residence at the same time. The father shall have visitation with all children every Wednesday from 5:30 p.m. to 7:30 p.m. and Friday at 5:00 p.m. until Sunday at 6:00 p.m. His visitation is to also include alternating weekends beginning the Friday after the entry of this dissolution. He is also to provide transportation for the children's activities which occur during said weekends, including but not limited to religious education classes on Saturday mornings and to mass on Sundays or Saturdays. In addition, the parties are to share holidays with the children as follows: New Years Day, Martin Luther King's birthday, Good Friday, Easter, Memorial Day, July Fourth, Labor Day, Thanksgiving and the day after Thanksgiving. This sharing of holidays is to begin on Labor Day 1994 with the father having that day with the children, then Thanksgiving is to be with the mother, the day after Thanksgiving the children are to be with the father, etc. In addition, the children shall spend each Christmas Eve over night until 10:00 a.m. Christmas Day with the mother and every Christmas Day from 10:00 a.m. until 6:00 p.m. with the father. The children shall be with the mother every Mother's Day and with the father every Father's Day. Each parent may have up to two uninterrupted weeks of vacation with the children so long as it does not interfere with the childrens' education or the other parent's vacation time. The CT Page 9467 parent seeking the two week vacation period shall give 45 day written notice to the other party. Any holidays and vacation shall supersede the regular visitation schedule.
Childrens' clothing in the fathers possession that were purchased by the wife are to be returned to the wife within one week of the date of this dissolution.
During over night visitations the children shall have their own bed and not sleep with the father in his bed.
Neither parent shall take the children or any one of them out of the country without giving the other party 30 day notice of such trip.
The childrens' passports shall be turned over to the attorney for the children and both parties are enjoined from procuring replacements without approval of the other party.
The noncustodial father shall pay to the custodial mother child support for the three children in the sum of $253.00 in accordance with the guidelines.
The mother shall provide medical, dental and major medical insurance as available through her employment at reasonable rates for the benefit of the minor children. In the event that the mother is no longer eligible for said insurance through employment, she shall give written notice to the father who immediately shall obtain and pay for medical, dental and major medical insurance for the benefit of said minor children as is available through his employment at reasonable rates. Where the father provides the medical insurance coverage for the minor children he shall also provide the mother with claim forms and insurance card.
The provisions of Connecticut General Statutes § 46b-84c shall apply.
Each party shall pay one-half of unreimbursed medical, dental, prescription, optical, orthodontic, psychiatric, psychological or counseling expenses for the benefit of the minor children. The plaintiff father is to be responsible for one-half of the balance due to the childrens' orthodontist, Dr. Richard Ritucci, and these payments shall be made to the defendant mother who in turn will make the payments to Dr. Richard CT Page 9468 Ritucci.
Both parties shall name the three minor children as primary irrevocable beneficiaries on all life insurance available through their individual employer and shall provide written documentation, through counsel, of said beneficiary designation and annually thereafter until the children reach the age of 18 years.
The defendant wife shall transfer to the plaintiff husband all of her right, title and interest in the 1987 Chevrolet S-10 pick-up truck.
The plaintiff husband shall transfer to the defendant wife all of his right, title and interest in the 1988 Plymouth Reliant.
The plaintiff shall keep, free and clear of any claims by the wife, all household goods and tangible personal property presently in his possession or control except that he shall return to the wife, within one week of the date of dissolution, a heavy gold bracelet, two gold necklaces (one a flexible herringbone, the other a braid), her engagement ring and wedding band, one pair of gold hoop earrings, and the battery charger. In addition, the husband shall turn over to the wife, through an agent, the son's bed, mattress and box spring, night stand, chest of drawers, bookcase, play table and two small chairs, toys, clothes and all other items belonging to the small on or before one week following the date of this dissolution.
The wife shall keep and retain, free and clear of any claims by the husband, all household goods and tangible personal property except for the master bedroom set which the husband may obtain, by agent, at a mutually agreed upon time within 30 days of the date of dissolution.
The contents of the family metal lock box concerning the wife and/or the minor children or the family residence shall be turned over to the mother forthwith by the husband's counsel.
The contents and the family metal lock box concerning the husband shall be turned over to the husband by his counsel.
Each party shall keep and retain, free and clear of CT Page 9469 any claims by the other party, his or her interests in their respective pension through employment at divisions of Stanley Works.
The husband shall keep and retain, free and clear of any claim by the wife, his 401K incentive savings plan.
Each party shall receive one-half of each and every payment received on the mortgage receivable held on realty at 141 Linden Street, New Britain, Connecticut. The parties shall sign a joint statement directing the mortgagors, Richard S. Bernard, Brenda J. Bernard, Thomas R. Bernard and Richard C. Bernard, to pay one-half of each and every payment due under the modification agreement dated December 30, 1993, to each party (i.e., $157.91 to each for monthly payments of principal and interest and $500.00 to each on the anniversary of the signing of said modification agreement).
The $1,000.00 received toward the mortgage receivable which is held in escrow by plaintiff's attorney shall be divided equally between the parties through counsel.
The $2,990.00 held in escrow by the plaintiff's attorney shall be turned over to the defendant forthwith.
The U.S. Savings Bonds for the children shall be turned over to the custodial parent and be used exclusively for said children.
Each party shall keep and retain, free and clear of any claim by the other party, all bank accounts and credit union accounts presently in his or her name or possession. The wife's counsel who has possession of a certain People's Savings Bank passbook may release the same to the wife.
The husband shall transfer to the wife all of his right, title and interest in real property known as 45 Spring Street, Berlin, Connecticut. The wife shall assume and pay and hold the husband harmless from payment of the first mortgage owed to the People's Savings Bank on said property.
The wife shall execute a note, secured by a mortgage on said real property, due to the husband in amount of $18,473.00 plus 4% interest, which interest shall accrue. Said principal and accrued interest shall be payable upon the happening CT Page 9470 of the first of the following events: (1) sale or transfer of real property; (2) wife's death; (3) wife's remarriage; (4) wife no longer maintaining the premises as her primary residence; (5) July 1, 2006.
The court's determination of the amount of the note due from the wife to the husband is based upon a 55% to 45% ratio with the wife receiving 55% and the husband 45% of the total house equity in the amount of $41,052.00.
The custodial parent may move to have set off arrearage amounts under these orders due from the noncustodial parent to the custodial parent.
The husband shall release the lis pendens recorded on the land records.
The other assets of the marriage are to be divided between the parties as follow:
 To the wife: ------------ Savings $ 5,600.00 Escrow 3,000.00 Wife's pension 4,134.00 Mortgage receivable (1/2) 8,096.00 Mortgage receivable escrow (1/2) 500.00 ---------- Total $21,320.00
 To the husband: ---------------
 401K $ 2,600.00 Mortgage receivable (1/2) 8,096.00 Mortgage receivable escrow (1/2) 500.00 Husband's pension 5,278.00 Husband's cash 1,000.00 ---------- Total $17,474.00
This division of assets is also on an approximate ratio of 55% to the wife and 45% to the husband.
Neither party is to receive alimony from the other. CT Page 9471
The wife shall assume and pay and hold the husband harmless from payment of the following liabilities:
(1) Her personal loan incurred in 1993 for $3,000.00.
(2) One-half of the balance due to Dr. Richard Ritucci and, upon receipt from the husband of his one-half share of this bill she shall pay over said sum to the doctor.
(3) The wife's attorney fee except for $2,000.00 payable by the husband.
(4) Any other liabilities incurred by the wife since June 1, 1993, unless otherwise specified.
(5) One-half of $272.00 owed to Dr. Bernard.
The husband shall assume and pay and hold harmless the wife from payment of the following liabilities:
(1) Stanley Works Credit Union loan for $1,500.00.
(2) Stanley Works Credit Union loan for $1,000.00.
(3) Mugford and Rodzelwicz, CPA, for $87.00 owed for 1993 tax preparation for 1992 taxes (wife has already paid her one-half).
(4) SNET Co. Account #203-225-8426-768R in the amount of $259.06. Any long distance calls to Poland shall be the wife's responsibility, any long distance calls to Italy are to be the husband's responsibility.
(5) The husband's own counsel fees.
(6) $2,000.00 toward the payment of the wife's counsel's fees. Payable to wife's counsel at the rate of $200.00 per month beginning October 1, 1994 and on the first of each month thereafter until fully paid.
(7) Any other liabilities incurred by the husband since June 1, 1993, unless otherwise specified. CT Page 9472
(8) One-half of Dr. Bernard's total bill of $272.00.
Both parties are restrained and enjoined from having any direct contact, physical or verbal, with the other except in the event of a need for such contact concerning the minor children or child.
Further, the plaintiff husband is enjoined from threatening or harassing the defendant wife directly or indirectly; or entering the house, yard or garage at 45 Spring Street, Berlin, Connecticut.
Therefore, it is the judgment of this court that the marriage of the parties be and is hereby declared to be dissolved. That each of the parties is declared to be single and unmarried. That this decree and the above recited orders are to become effective immediately.
JULIUS J. KREMSKI STATE TRIAL REFEREE